**POMERANTZ LLP**
Joshua B. Silverman (*pro hac vice*)
Louis C. Ludwig (NJ 043582008)
10 South LaSalle St., Ste. 3505
Chicago, IL 60603
Telephone: (312) 377-1181
jpsilverman@pomlaw.com
lcludwig@pomlaw.com

**FREEDMAN NORMAND FRIEDLAND LLP**
Ivy T. Ngo (*pro hac vice*)
Velvel (Devin) Freedman (*pro hac vice*)
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
Telephone: (786) 924-2900
ingo@fnf.law
vel@fnf.law

*Counsel for Lead Plaintiff and the Class*

- additional counsel on signature page –

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CORMEDIX INC. SECURITIES LITIGATION | Case No. 2:21-cv-14020-JXN-CLW |
| | CLASS ACTION |
| | Hon. Julien Xavier Neals |
| This Document Relates To: | |

## LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants' Notice of Supplemental Authority (the "Notice") (ECF No. 89) attaches a press release announcing the FDA's approval of CorMedix's *third* (*3rd*) revision to, and *third* (*3rd*) effort at correcting, its New Drug Application ("NDA") for DefenCath™ ("DefenCath").  Obtaining FDA approval after multiple rejections and years of re-work is not germane to Plaintiff's claim that Defendants made misrepresentations and omissions regarding deficiencies at CorMedix's manufacturers' facilities.  Moreover, FDA approval of an NDA submitted *after* the Class Period is immaterial to Defendants' state of mind *during* the Class Period.

What *is* noteworthy is Defendants' admission that the very manufacturing deficiencies at the heart of Plaintiff's Second Amended Complaint ("SAC") (ECF No. 79) resulted in both the Initial NDA and the Resubmitted NDA failing.  *See* Notice at 3 ("the DefenCath NDA could not be approved until the deficiencies conveyed to CorMedix's third-party manufacturer and supplier were resolved to the satisfaction of the FDA.").  Indeed, the need for CorMedix to resubmit the DefenCath NDA for a third time only serves to confirm how material the concealed deficiencies were.  The FDA's belated approval of DefenCath, when considered in its proper context, supports denying Defendants' pending Motion to Dismiss (ECF No. 86-1) and upholding the SAC.

As alleged in the SAC, the Class Period begins on October 16, 2019, when CorMedix announced an interaction with the FDA concerning the Initial NDA for DefenCath, *see* SAC, ¶¶10, 94, and ends on August 8, 2022, *see id.*, ¶¶32, 229, the last

1

trading day before Cormedix finally disclosed persistent manufacturing deficiencies that were, at all relevant times, known to Defendants but concealed from Plaintiff and the Class and had led the FDA to reject the First Resubmitted NDA.  *See*, *e.g.*, *id.*, ¶¶94-98, 104-30, 145-57, 251-359.

Defendants could have appealed the FDA's rejections of the Initial and First Resubmitted NDAs.  *See*, *id.*, ¶¶181, 229.[1] But, in an admission that they knew the manufacturing deficiencies in the Initial and First Resubmitted NDAs were material, they did not do so.  Instead, Defendants submitted the Second Resubmitted NDA on May 16, 2023, over *nine (9) months after* the end of the Class Period.[2] Accordingly, the FDA's approval of CorMedix's 3rd NDA submission is only relevant to this action insofar as it corroborates the seriousness of CorMedix's manufacturing deficiencies, which took more than two (2) years to resolve.

Ignoring the SAC's alleged misstatements and omissions, Defendants argue that they the FDA's approval of the third DefenCath NDA, submitted to the FDA approximately seven months after Plaintiff filed the SAC, "supports [their] arguments

---

[1]  "FDA regulations 21 CFR 312.48 and 21 CFR 314.103 address dispute resolution as it relates specifically to … new drug applications (NDA)[.]" U.S. Food and Drug Administration, CDER Formal Dispute Resolution, https://www.fda.gov/about-fda/cder-contact-information/cder-formal-dispute-resolution (last accessed Nov. 28, 2023).

[2]  *See* CorMedix Inc., CORMEDIX INC. ANNOUNCES RESUBMISSION OF NEW DRUG APPLICATION FOR DEFENCATH (May 16, 2023): https://cormedix.com/cormedix-inc-announces-resubmission-of-new-drug-application-for-defencath-2/ (last accessed Nov. 28, 2023).

that the SAC fails to state a claim." *Id.*  However, the FDA's long-delayed approval of

DefenCath in no way negates that Defendants made material misstatements about

Cormedix's manufacturing practices during the Class Period, thus damaging investors.

Plaintiff's securities fraud claims do not depend on a post-Class Period regulatory

reaction to a post-Class Period NDA not even mentioned in the SAC, as Defendants

suggest, *see id*. at 2.  This is supported by the fact that courts in this Circuit have

rejected identical arguments.  *See Alberici v. Recro Pharma, Inc.,* No. 18-2279, 2021

U.S. Dist. LEXIS 38094, at *21-22 (E.D. Pa. Mar. 1, 2021):

> Indeed, ***Defendants focus on the approval as if Plaintiff's claims arise
> solely out of the FDA's approval or denial of the drug. This is incorrect***.
> Plaintiff claims that Defendants obscured KOL feedback which, if
> disclosed to the public, would have reduced the purchase price of Recro
> shares to an uninflated level. ***The FDA's actions in 2020 do not obviate
> Plaintiff's allegations regarding 2017 or 2018, nor do they render any
> allegedly false statements from that time true***. [Emphasis applied.]

While Defendants cite *Lungu v. Antares Pharma Inc. et al.*, No. 21 1624, 2022

WL 212309, *1, *6 (3d Cir. Jan. 25, 2022) as "affirming dismissal particularly in light

of FDA approval" (Notice at 3), the clinical study protocol challenged in that complaint

was approved by the FDA and was therefore relevant.  Here, by contrast, Defendants

admit that they were forced to improve, and thereby alter, their manufacturing practices

following the FDA's rejection of the First Resubmitted NDA in August 2022, or endure

another failure.[3] Defendants cite to *Kovtun v. VIVUS, Inc.*, No. C 10–4957 PJH, 2012

---

[3] Accordingly, that the FDA approved DefenCath "without requiring any further
clinical trials" (Notice at 2) is irrelevant because, unlike in *Antares*, Plaintiff alleges

WL 4477647, at *3, *10 (N.D. Cal. Sept. 27, 2012) for the proposition that FDA approval undermines scienter, *see* Notice at 3, but that case did not so hold. Regardless, Defendants' post-Class Period effort at seeking FDA approval cannot speak to their Class Period scienter by hindsight. *See Winer Family Tr. v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007) (when evaluating scienter, courts look to contemporaneous statements and omissions, not hindsight-based claims) (internal citations omitted).

For all these reasons and those set forth in Plaintiff's opposition brief (ECF No. 87), Defendants' Motion to Dismiss should be denied in full.

Dated: December 4, 2023          Respectfully Submitted,

**POMERANTZ LLP**
/s/ *Louis C. Ludwig*
Joshua B. Silverman (*pro hac vice)*
Louis C. Ludwig (NJ 043582008)
10 South LaSalle St., Ste. 3505
Chicago, IL 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

**FREEDMAN NORMAND FRIEDLAND LLP**
Ivy T. Ngo (*pro hac vice*)
Velvel (Devin) Freedman (*pro hac vice*)
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
Telephone: (786) 924-2900
ingo@fnf.law
vel@fnf.law

*Counsel for Lead Plaintiff and the Class*

---

that Defendants misrepresented CorMedix's manufacturing processes and facilities, and not any DefenCath clinical trials.

4

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

POMERANTZ LLP

By: /s/      *Louis C. Ludwig*
    Louis C. Ludwig
    *Counsel for Lead Plaintiff*