UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE CORMEDIX INC. SECURITIES LITIGATION, | : : : | Civil Action No. 21-14020 (JXN) (CLW) |
| | : : | |
| THIS DOCUMENT RELATES TO: | : : | MEMORANDUM OPINION |
| ALL ACTIONS | : : | & |
| | : : | ORDER |
| | : : : | |

**NEALS**, District Judge:

Before the Court is Defendants John L. Armstrong, Khoso Baluch, Robert Cook, Paulo F. Costa, Matthew David, Janet Dillione, Greg Duncan, Alan W. Dunton, Myron Kaplan, Steven Lefkowitz, Phoebe Mounts, Joseph Todisco, and CorMedix Inc.'s ("Defendants") motion to dismiss lead Plaintiff John V. Levon's ("Plaintiff") Second Amended Class Action Complaint (ECF No. 79) (the "Second Amended Complaint) filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 86). The Court has reviewed the Second Amended Complaint, the motion to dismiss, as well as Plaintiff's request for leave to amend in the opposition. (ECF No. 87 at 49[1]). And accordingly, **DENIES** Defendants' motion to dismiss (ECF No. 86) **without prejudice**, and **GRANTS** Plaintiff leave to amend.[2] Plaintiff shall file an amended complaint within 30 days of this Order.

1. Federal Rules of Civil Procedure 8 requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the

---

[1] The Court refers to the ECF page numbers.
[2] Though Plaintiff requests both denial of the motion and leave to amend if the Second Amended Complaint is deemed deficient, leave is granted to allow Plaintiff the opportunity to cure the identified deficiencies.

1

defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted). A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff, however, may amend a pleading with "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2).

2. While leave was sought in opposition to the motion to dismiss and not a formal motion, which the Court excuses under Local Civil Rule 15.1(a), the "standard to grant a motion for leave is liberal" and "there is a presumption in allowing the moving party to amend its pleadings . . . ." *Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) (citations and internal quotations omitted). To that end, leave is "freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Johnson v. City of Shelby*, 574 U.S. 10, 13 (2014).

3. In the Third Circuit, leave to amend is permitted "unless it would be inequitable or futile." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). Leave may also be denied "where it is apparent from the record that [] the moving party has demonstrated undue delay, bad faith, or dilatory motives," and "the amendment would prejudice the other party." *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citations and internal quotations omitted).

4. Here, Defendants argue that the Second Amended Complaint is defective because it does not state plausible claims. (ECF No. 86-1 at 9-12). However, despite "prejudice to the non-moving party" being the "touchstone for the denial of an amendment" (*Munenzon v. Peters Advisors, LLC*, 553 F. Supp. 3d 187, 209 (D.N.J. 2021) (citation and internal quotations

omitted)), Defendants did not respond or oppose Plaintiff's request for leave. (*See, gen.,* ECF No. 88). More specifically, Defendants did not attempt to rebut the "presumption in allowing" Plaintiff to "amend [the] pleading[]" with any argument or authority. *Donovan*, 556 F. Supp. 3d at 229 (citation omitted). Nonetheless, the Court considers whether leave prejudices Defendants by evaluating Defendants' "hardship[s][,]" if any, including "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). Here, the Court does not find that Defendants will suffer hardship by granting leave given the recent judicial emergency in this District that has delayed the resolution of dispositive motions, and the early stage of the proceedings.

5. It is also "apparent from the record" that Plaintiff has not taken actions to cause "undue delay," were done in "bad faith," or had "dilatory motives" in so doing. *Young*, 152 F. Supp. 3d at 353 (citations and internal quotations omitted). The parties entered two separate Stipulation and Orders concerning the filing of amended pleadings and dispositive motion practice (ECF Nos. 42, 78), as well as a Joint Stipulation and Order staying discovery until resolution of this motion. (ECF No. 66). The parties also agreed to dismiss all claims without prejudice against B. Riley Securities, Inc. and Needham & Company, LLC. (ECF No. 77). Such circumstances weigh in favor of granting leave. The Court further finds that leave is not futile.

6. "A proposed amendment to a complaint is futile if the amended complaint would fail to state a claim for relief under Rule 12(b)(6)." *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (citation omitted). Courts "determine[] futility by taking all pleaded allegations as true and viewing them in the light most favorable to

the plaintiff." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (citation and internal quotations omitted).

7. Here, Defendants argue that the Second Amended Complaint fails to allege facts sufficient to state claims (ECF No. 86-1 at 20) on behalf of two classes. (SAC § 1). Specifically, §§ 11 and 15 of the Securities Exchange Act of 1933, 15 U.S.C. §§ 77k and 77o; §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a); and Rule 10b-5, 17 C.F.R. § 240.1 b-5. The claims are alleged against three sets of Defendants: (1) Cormedix Inc.; (2) the Officer Defendants; and (3) the Director Defendants. (*See, gen.,* SAC). Defendants also claim that the Second Amended Complaint does not plead standing. (ECF No. 86-1 at 47).

8. In viewing the allegations in the light most favorable to Plaintiff, granting Plaintiff the opportunity to cure the deficiencies in the Second Amended Complaint is not futile because Defendants argue that the pleading does not state plausible claims, and not that the claims are barred or precluded. Indeed, the decision to grant leave "is within the discretion of the court[,]" which may "consider additional equities, such as judicial economy/burden on the court." *Cresci v. City of Bayonne*, No. 23-1342, 2024 WL 94099, at *2 (3d Cir. Jan 9, 2024) (citations and internal quotations omitted). The Court may also consider whether leave should be granted to allow Plaintiff "to attempt to establish standing" or a "concrete injury" to trigger Article III standing. *Hickey v. Univ. of Pittsburgh*, 81 F.4th 301, 314 n.9 (3d Cir. 2023). Therefore, the Court finds that leave to amend is warranted. This is consistent with the Third Circuit's edict that leave should generally be granted. *See Ragner Technology Corp. V. Berardi*, 324 F. Supp. 3d 491, 518 (D.N.J. 2018) (The "Third Circuit dictates that amendments should be

4

granted freely, stating a preference for decisions made on the merits rather than on technicalities.") (citation and internal quotations omitted). Accordingly, it is hereby,

**ORDERED** that Defendants' motion to dismiss the Second Amended Complaint (ECF No. 79) (ECF No. 86) is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff shall file an amended complaint within 30 days of this Order.

DATED: 3/21/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge