**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **In re CORMEDIX, INC.** | : | **Civil Action No. 2:21-cv-14020-JXN-CLW** |
| **SECURITIES LITIGATION** | : | |
| | : | |
| _____ | : | |

## PRETRIAL SCHEDULING ORDER

**WHEREAS**, on June 30, 2025, the Court issued an Opinion and Order denying Defendants' motion to dismiss the Third Amended Complaint (ECF Nos. 114, 115);

**WHEREAS**, on July 18, 2025, the parties entered a Proposed Pretrial Scheduling Order (ECF No. 121), which the Court so-ordered on July 23, 2025 (ECF No. 127);

**WHEREAS**, on July 23, 2025, the Court issued a Text Order stating that the "Opinion and Order were entered in error" and "direct[ing] the Clerk of Court to remove the Opinion and Order . . . from the docket" (ECF No. 126);

**WHEREAS**, on July 28, 2025, the Court entered a Stipulation and Order vacating the July 23, 2025 Pretrial Scheduling Order and directing the parties to "submit a revised schedule within thirty (30) days from the entry of this order" (ECF No. 129);

**WHEREAS**, on August 19, 2025, the Court issued an Opinion denying Defendants' motion to dismiss the Third Amended Complaint (ECF No. 130); and

**WHEREAS,** the parties having reviewed the Court's Civil Case Management Order as well as the Local Civil Rules, and for good cause shown,

**IT IS on this 27th day of August, 2025,**

**ORDERED THAT** the next event in this matter will be ____**SEE DOCKET**____; and

**FURTHER ORDERED** that this matter will proceed as follows:

1.   **Defendants' Deadline to Respond to Lead Plaintiff's Third Amended Complaint.**
Defendants' deadline to respond to Lead Plaintiff's Third Amended Complaint is on or before September 2, 2025.

2.   **Defendants' Deadline to Respond to Lead Plaintiff's First Request for Production of Documents.**  Defendants' deadline to respond to Lead Plaintiff's July 17, 2025 First Request for Production of Documents is September 15, 2025.

3.   **Fact Discovery Deadline**.   Fact discovery is to remain open through June 25, 2026.  All fact witness depositions must be completed by the close of fact discovery.  No discovery

is to be issued or engaged in beyond that date, except upon application and for good cause shown.

4.    **Motions to Add New Parties**.    Any motion to add new parties, whether by amended or third-party complaint, must be electronically filed no later than December 1, 2025.

5.    **Motions to Amend Pleadings**.  Any motion to amend pleadings must be electronically filed no later than December 1, 2025.

6.    **Rule 26 Disclosures**.    The parties shall exchange disclosures pursuant to Rule 26 no later than September 10, 2025.

7.    **Interrogatories**.    Each side may serve interrogatories limited to 25 single questions including subparts, no later than thirty (30) days before the fact discovery cutoff, which shall be responded to within thirty (30) days after service.

8.    **Document Requests.**  Lead Plaintiff served initial document requests on July 17, 2025. Further requests may be served by any party up to thirty (30) days before the fact discovery cutoff, and written responses to each shall be served within thirty (30) days after service. The parties shall meet and confer on phased discovery as to Lead Plaintiff's Requests 1-3, and 6 (including identifying agreed-upon custodians and search terms) to provide documents responsive to these requests by December 1, 2025 sufficient to permit Lead Plaintiff to prepare anticipated letters rogatory to ROVI.  Remaining production shall be substantially completed by January 27, 2026.

9.    **Depositions**.  The number of fact depositions to be taken by each side shall not exceed 15, excluding expert depositions.

10.    **Electronic Discovery**.  The parties are directed to Rule 26(f), as amended,  which, *inter alia*, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or  work product protection.    The parties are also directed to Local Civil Rule 26.1(d) which describes the obligations of counsel with regard to their clients' information management systems.

11.    **Discovery Disputes**.  Please refer to the Court's Civil Case Management Order.

12.    **Motion Practice**.  Please refer to the Court's Civil Case Management Order.

13.    **Expert Reports**.    All affirmative expert reports shall be delivered by August 11, 2026.  All responsive expert reports shall be delivered by September 28, 2026.  Depositions of all experts to be completed by December 28, 2026.

14.    **Form and Content of Expert Reports**.  All expert reports must comport with the form and content requirements set forth in Rule 26(a)(2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

15.    **Extensions and Adjournments**.    Please refer to the Court's Civil Case Management Order.

16. **Protective Orders**.  Any proposed confidentiality order agreed to by the parties must strictly comply with Rule 26(c), Local Civil Rule 5.3, and applicable case law.    Please also refer to the Court's Civil Case Management Order.

17. **Local Rules.**  The parties are directed to the Local Civil Rules for any other matter not addressed by this Order or the Court's Civil Case Management Order.

18. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY OTHER ORDERS WILL RESULT IN SANCTIONS**.

*s/ Cathy L. Waldor*

**HON. CATHY L. WALDOR**
**United States Magistrate Judge**