# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

November 12, 2025

**VIA ECF**

The Honorable Cari Fais
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

  **Re:** *In re CorMedix Inc. Securities Litigation*, No. 21-cv-14020 (D.N.J.)

Dear Magistrate Judge Fais,

  Lead Plaintiff John C. Levon ("Plaintiff") and Defendants CorMedix Inc., Khoso Baluch, Robert Cook, Matthew David, Phoebe Mounts, John L. Armstrong, and Joseph Todisco (collectively, "Defendants") respectfully submit this joint status report pursuant to the Court's Order, dated September 12, 2025, in advance of the upcoming teleconference on November 19, 2025.

**Brief Factual and Procedural Summary**

  This securities class action arises from biopharmaceutical company CorMedix's efforts to obtain FDA approval of its New Drug Application ("NDA") for DefenCath®—a now-approved drug indicated to reduce the incidence of catheter-related bloodstream infections. The initial complaint in this action was filed on July 21, 2021, prior to DefenCath's FDA approval. (ECF No. 1.) On October 13, 2021, the Court appointed John V. Levon as "Lead Plaintiff" and appointed Pomerantz LLP and Roche Freedman LLP (now Freedman Normand Friedland LLP) as "Co-Lead Counsel." (ECF No. 39.) On December 14, 2021, Plaintiff filed a first amended consolidated complaint (the "FAC"). (ECF No. 43.) In response, Defendants filed a motion to dismiss the FAC. (ECF No. 50.) Several months after the motion to dismiss the FAC was fully briefed, Plaintiff filed a second amended complaint (the "SAC") on October 10, 2022. (ECF No. 79.) The Court denied Defendants' motion to dismiss the SAC without prejudice and granted Plaintiff leave to file a third amended complaint (the "TAC"). (ECF No. 91.)

  On April 22, 2024, Plaintiff filed the TAC, which seeks to represent a class of CorMedix investors who purchased or otherwise acquired stock between October 19, 2019 and August 8, 2022 (the "Class Period") (ECF No. 97.) In the TAC, Plaintiff alleges that Defendants concealed manufacturing

deficiencies and misrepresented purported FDA support for its manufacturing program in press releases, earnings calls, and regulatory filings, and that when the truth about manufacturing deficiencies was disclosed, CorMedix's share price fell. Plaintiff alleges that a confidential witness, "FE1," conducted an audit and prepared a 2019 report recommending that CorMedix not use a third-party manufacturer called ROVI because ROVI would not pass an FDA inspection. Plaintiff alleges that, despite the audit report's conclusion, CorMedix pressed ahead with using ROVI, and that the FDA issued a Complete Response Letter to CorMedix in 2021 concluding that the DefenCath NDA could not be approved at that time because of manufacturing issues at ROVI. Plaintiff alleges that further misrepresentations and omissions were made about the purported resolution of manufacturing deficiencies at ROVI and at a heparin supplier following the 2021 Complete Response Letter, which led to a second Complete Response Letter in 2022. Based on the allegations in the TAC, Plaintiff asserts violations of Section 10(b) of the Exchange Act and Rule 10b-5, as well as Section 20(a) of the Exchange Act.

Defendants dispute the allegations in the TAC, including in particular Plaintiff's characterization of the 2019 audit report. On June 6, 2024, Defendants filed a motion to dismiss the TAC, which argued that Plaintiff failed to adequately allege (i) scienter, (ii) any false or misleading statements, or (iii) loss causation. (ECF No. 104.) At a high level, Defendants argued that the TAC did not contain any allegations that Defendants knew specific facts—such as concerns raised by the FDA, deficiencies in the NDA, or other red flags about the status of the NDA—that contradicted their public statements to investors during the Class Period. Instead, Defendants argued that Plaintiff sought to turn setbacks in the FDA approval process—including delays caused by difficulties at third-party manufacturers and suppliers—into a securities fraud. Taking the allegations as a whole, the more compelling inference is that Defendants believed the NDA would be approved, frequently updated (and warned) investors regarding the status of the NDA as new facts emerged, and tried in good faith to remediate difficult manufacturing and supply issues during the COVID pandemic. In fact, DefenCath was approved by the FDA in 2023.

After an initial June 30, 2025 opinion was withdrawn as entered in error (ECF No. 126), on August 19, 2025 the Court issued a revised opinion, which denied Defendants' motion to dismiss. (ECF No. 129 ("Opinion").) First, the Opinion concluded that Plaintiff adequately alleged material misrepresentations and omissions concerning ROVI and the DefenCath NDA. Second, the Opinion held that Plaintiff adequately alleged a strong inference of scienter based on (i) alleged statements of two confidential witnesses, (ii) Defendants' public representations of expertise and direct oversight, and (iii) Defendants' access to the 2019 audit of ROVI. Third, the Court concluded that Plaintiff adequately alleged loss causation based on a "causal link between Defendants' statements regarding the DefenCath NDA and Plaintiff's losses through allegations connecting multiple stock price drops to the misleading nature of such statements." (*Id.* at 59.)

**Status of Discovery**

Following the Court's Opinion, the parties have begun discovery. The Court signed the parties' proposed Pretrial Scheduling Order (ECF No. 133) ("Schedule"), which contains the following deadlines:

- <u>Initial ROVI Production:</u>  By December 1, 2025, Defendants will provide Plaintiff with phased discovery sufficient to permit Plaintiff to prepare anticipated letters rogatory to ROVI.
- <u>Substantial Completion of Document Production:</u>  January 27, 2026.
- <u>Fact Discovery and Depositions:</u>  June 25, 2026.
- <u>Expert Reports:</u>  Affirmative expert reports to be delivered by August 11, 2026; responsive expert reports to be delivered by September 28, 2026.
- <u>Expert Depositions:</u>  Depositions of all experts to be completed by December 28, 2026.

On July 17, 2025, Plaintiff served Defendants with Requests for Production of Documents ("RFPs").  On September 15, 2025, Defendants served their responses and objections to the RFPs.  On November 3, 2025, the parties held a meet and confer regarding Defendants' responses and objections.  Defendants have made initial productions comprising 281 documents to Plaintiff in response to the RFPs and in connection with the parties' upcoming mediation on November 18, 2025.  Defendants continue to collect and review documents and will make additional rolling productions in response to Plaintiff's RFPs.

**Pending Motions and Proposed Modifications to the Scheduling Order**

There are currently no pending motions.  The parties do not seek to modify the Schedule at this time.

**Status of any Settlement Efforts**

The parties have scheduled a mediation before Michelle Yoshida of Phillips ADR on November 18, 2025, at the offices of Willkie Farr & Gallagher LLP in New York.  Plaintiff and Defendants submitted confidential mediation statements to Ms. Yoshida on November 5, 2025.  The parties will promptly update the Court on the results of the mediation.

**Related Actions Involving CorMedix**

Defendants also wanted Your Honor to be aware of two derivative litigations involving CorMedix.  The first case, which is also pending before Judge Neals, involves breach of fiduciary duty and unjust enrichment claims.  *See In re CorMedix Inc. Derivative Litigation*, Case No. 2:21-cv-18493-JXN-LDW (D.N.J.).  The plaintiffs there filed a consolidated amended complaint on November 10, 2025.  The second case was filed in the Superior Court of New Jersey Law Division: Union County, and includes similar claims to those asserted in the federal derivative action.  *See Raval v. Baluch*, Case No. UNN-L-003721-25 (N.J. Super Ct. Law Div.).  The *Raval* plaintiffs have until December 4, 2025 to file an amended complaint or designate the complaint as operative.  Plaintiff herein does not dispute that the derivative cases are related but opposes any consolidation with this action.

\*\*\*

We thank the Court for its time and look forward to discussing this matter at our conference on November 19, 2025.

Respectfully Submitted,

<table>
<tr><td>

*/s/ Joshua B. Silverman*
Joshua B. Silverman
Christopher Tourek
POMERANTZ LLP
10 South LaSalle St., Ste. 3505
Chicago, IL 60603
Tel: (312) 377-1181
jpsilverman@pomlaw.com
ctourek@pomlaw.com

Ivy T. Ngo
Velvel (Devin) Freedman
FREEDMAN NORMAN FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
Tel: (646) 876-3568
ingo@fnf.law

*Counsel for Lead Plaintiff*

</td><td>

*/s/ Andrew J. Lichtman*
Andrew J. Lichtman
Charles D. Cording (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
alichtman@willkie.com
ccording@willkie.com


*Counsel for Defendants*

</td></tr>
</table>