**FREEDMAN NORMAND FRIEDLAND LLP**
Ivy T. Ngo (*pro hac vice*)
Velvel (Devin) Freedman (*pro hac vice*)
1815 Purdy Ave.
Miami Beach, Florida 33139
Telephone: (786) 924-2900
ingo@fnf.law
vel@fnf.law

**POMERANTZ LLP**
Joshua B. Silverman (*pro hac vice*)
Christopher P.T. Tourek (*pro hac vice*)
10 South LaSalle St., Ste. 3505
Chicago, IL 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
ctourek@pomlaw.com

*Counsel for Lead Plaintiff and the Class*

- additional counsel on signature page -

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CORMEDIX INC. SECURITIES LITIGATION | Case No. 2:21-cv-14020 JXN CLW |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970
ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
<u>TO THE APPROPRIATE JUDICIAL AUTHORITY OF SPAIN</u>**

The United States District Court for the District of New Jersey presents its compliments to

the appropriate Judicial Authorities of Spain and, on the application of Lead Plaintiff John V.

Levon ("Lead Plaintiff"), respectfully requests international judicial assistance to obtain evidence

to be used in the above-captioned civil proceeding that is pending before this Court.

This Court requests the assistance described herein as necessary in the interests of justice. This request is made pursuant to, and in conformity with, Chapter I of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), to which both the United States and Spain are signatories. Specifically, the Court requests assistance to compel Barragan BioConsulting, SL., ("Barragan") to produce documents within the categories identified in Schedule 1 attached hereto.

1. **Sender:**

   The Honorable Julien Xavier Neals
   United States District Court Judge
   United States District Court for the District of New Jersey
   Martin Luther King Building & U.S. Courthouse
   50 Walnut Street
   Newark, New Jersey 07102
   United States of America

2. **Central Authority of the Requested State:**

   Subdirección General de Cooperación Jurídica Internacional
   Ministerio de Justicia
   c/ San Bernardo No. 62
   28071 Madrid
   Spain
   Telephone: +34 91 390 23 86 / +34 91 390 44 11
   Fax: +34 91 390 24 75 / +34 91 390 44 57
   Email: laura.fernandez@mjusticia.es
           silvia.villa@mjusticia.es
   Contact Persons:
   Ms. Laura Fernández Domínguez
   Ms. Silvia Villa Albertini

3. **Person to Whom the Executed Request is to be Returned:**

   **Counsel for Lead Plaintiff:**
   Ivy T. Ngo (*pro hac vice*)
   Velvel (Devin) Freedman (*pro hac vice*)

FREEDMAN NORMAND FRIEDLAND LLP
1815 Purdy Ave.
Miami Beach, Florida 33139
Telephone: (786) 924-2900
ingo@fnf.law
vel@fnf.law

Joshua B. Silverman (*pro hac vice*)
Christopher P.T. Tourek (*pro hac vice*)
POMERANTZ LLP
10 South LaSalle St., Ste. 3505
Chicago, IL 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
ctourek@pomlaw.com

-and-

Brian Calandra
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
bcalandra@pomlaw.com

4. **Specification of the Date by which the Requesting Authority Requires Receipt of the Response to the Letter of Request:**

Date: As soon as reasonably practicable.

Reason for Urgency: It is respectfully requested, given the importance of the evidence sought and the current case schedule, with fact discovery currently to be completed by June 25, 2026, that this Letter of Request be given the highest consideration. To the extent that any portion of this Letter of Request cannot be granted, it is respectfully requested that the remaining portions be granted. This Court assures the Judicial Authorities of Spain that it will reciprocate with similar assistance in like cases and extends to the Judicial Authorities its assurances of the highest consideration.

5. In conformity with Article 3 of the Hague Convention, the undersigned authority has the honor to submit the following request:

**A. Requesting Judicial Authority (Article 3(a)):**

The Honorable Julien Xavier Neals
United States District Court Judge
United States District Court for the District of New Jersey

Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
United States of America

**B. To the Competent Authority of (Article 3(a)):**

Subdirección General de Cooperación Jurídica Internacional
Ministerio de Justicia
c/ San Bernardo No. 62
28071 Madrid
Spain
Telephone: +34 91 390 23 86 / +34 91 390 44 11
Fax: +34 91 390 24 75 / +34 91 390 44 57

Email: laura.fernandez@mjusticia.es
        silvia.villa@mjusticia.es

Contact Persons:
Ms. Laura Fernández Domínguez
Ms. Silvia Villa Albertini

**C. Name of the Case and Identifying Number:**

*In re CorMedix Inc. Securities Litigation*
Case No. 2:21-cv-14020-JXN-CLW
United States District Court for the District of New Jersey

6. **Names and Addresses of the Parties and Their Representatives (Article 3(b)):**

**Lead Plaintiff:**
John V. Levon
c/o Counsel of Record:
Ivy T. Ngo (*pro hac vice*)
Velvel (Devin) Freedman (*pro hac vice*)
FREEDMAN NORMAND FRIEDLAND LLP
1815 Purdy Ave.
Miami Beach, Florida 33139
Telephone: (786) 924-2900
ingo@fnf.law
vel@fnf.law

**Defendants:**
CorMedix Inc., Khoso Baluch, Robert Cook, Matthew David, Phoebe Mounts, and Joseph Todisco.
c/o Counsel of Record:

Andrew J. Lichtman
Charles D. Cording (pro hac vice)
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
alichtman@willkie.com
ccording@willkie.com

7. **7a. Nature of the Proceedings (Article 3(c)):**

This is a federal securities class action pending in the United States District Court for the District of New Jersey alleging violations of the United States federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. The action concerns alleged misstatements and omissions related to the manufacturing and regulatory readiness of a pharmaceutical product and is currently in discovery.

**7b. Summary of the Claims**:

Lead Plaintiff alleges that Defendants made materially false and misleading statements and omissions regarding CorMedix Inc.'s lead product, DefenCath®, including statements concerning the company's manufacturing readiness, regulatory compliance, and the reliability and oversight of CorMedix's third-party commercial manufacturing organization ("CMO") ROVI, which is located in Spain.

The operative complaint alleges that CorMedix selected ROVI to manufacture DefenCath and that ROVI was responsible for key manufacturing operations, quality controls, and compliance with applicable current Good Manufacturing Practices ("cGMP"). Defendants publicly represented that DefenCath's manufacturing process was adequate and progressing toward regulatory approval, while failing to disclose known manufacturing deficiencies and regulatory risks associated with ROVI's facilities and operations.

The complaint further alleges that these undisclosed issues at ROVI materially undermined the likelihood of timely approval of DefenCath by the U.S. Food and Drug Administration ("FDA"). The alleged manufacturing and compliance deficiencies came to light when the FDA issued Complete Response Letters rejecting CorMedix's New Drug Application for DefenCath based on deficiencies identified at ROVI's manufacturing facility.

Barragan was a consulting company that helped ROVI respond and prepare for the FDA inspections.

Defendants' alleged misstatements and omissions artificially inflated the market price of CorMedix's common stock during the relevant period ("October 16, 2019 to August 8, 2022"). When information concerning the manufacturing deficiencies and regulatory setbacks was disclosed, CorMedix's stock price declined, causing damages to investors.

### 7c. Summary of Defenses:

Defendants deny all allegations and contend that the complaint fails to state a claim. They assert that the challenged statements were accurate, non-actionable, or forward-looking and made in good faith, and that they complied with applicable regulatory requirements. Defendants further contend that Plaintiffs cannot establish scienter, loss causation, reliance, or damages, and that any stock price movements resulted from disclosed regulatory events or market forces, not fraud.

### 7d. Other Necessary Information:

Documents sought from Barragan concern manufacturing processes, audits, inspections, regulatory compliance, and related communications relevant to Defendants' public statements and disclosures.

8. **8a. Evidence to be Obtained (Article 3(d)):**

Lead Plaintiff is seeking some of Barragan's internal documents and communications concerning its assistance to ROVI related to FDA audits and inspections. Lead Plaintiff requests that the appropriate judicial authority of Spain compel the production of documents as specified in Schedule A.

### 8b. Purpose of the Evidence:

The evidence sought by this Letter of Request will assist the District Court in evaluating whether Defendants' public statements regarding manufacturing readiness were known, persistent, and material; whether Defendants' public statements regarding manufacturing readiness and remediation were false or misleading when made; and whether Defendants acted with scienter by continuing to tout progress while ROVI and its consultant Barragan internally recognized unresolved regulatory failures. The requested documents are relevant to the claims and defenses in this matter, and Lead Plaintiff has no recourse to seek this information other than to enlist the aid of this Authority though the Hague Convention.

9. **Identity and Address of Any Person to be Examined (Article 3(e))**

This section is not applicable to this Letter of Request.

10. **Questions to Be Put to the Persons to be Examined or Statement of the Subject**

**Matter About Which They Are to be Examined (Article 3(f))**

This section is not applicable to this Letter of Request.

11. **Documents or Other Property to Be Inspected (Article 3(g))**

The requesting judicial authority requests that Barragan be compelled to produce all documents detailed in Schedule A within Barragan's possession, custody, or control.

12. **Requirement of Oath or Certification (Article 3(h)):**

Documents to be produced with an oath or equivalent certification of authenticity.

13. **Special Methods or Procedures to be Followed (Articles 3(i) and 9):**

With respect to the production of documents, the requesting judicial authority hereby requests:

a. That Barragan shall produce any and all documents within its possession, custody, or control, or to which it otherwise has access, that are responsive to the document requests set forth in Schedule A;

b. That such documents be produced in the form of duplicates of the original documents, and not in the form of summaries or descriptions thereof;

c. That such documents be produced in the manner in which they are maintained in the ordinary course of business or, alternatively, that they be organized and labeled to correspond with the categories set forth in Schedule A;

d. That any electronically stored information be produced in the form in which it is ordinarily maintained or, alternatively, in a reasonably usable form;

e. That duplicate production of identical electronically stored information shall not be required; and

f. That Barragan may elect to designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the Confidentiality Order attached.

14. **Request for Notification of the Time and Place for the Execution of the Request and Identify and Address of any Person to be Notified (Article 7):**

Production of documents is requested as soon as reasonably practicable, but no later than thirty (30) days after service of the Letter of Request. Documents shall be produced to counsel for Lead Plaintiff, c/o Ivy T. Ngo (pro hac vice) and Velvel (Devin) Freedman (pro hac vice), FREEDMAN NORMAND FRIEDLAND LLP, 1815 Purdy

Ave., Miami Beach, Florida 33139, Telephone: (786) 924-2900, Email: ingo@fnf.law and vel@fnf.law, or at such other location or in such other manner as counsel may mutually agree.

Please notify:
The Honorable Julien Xavier Neals
United States District Court Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
United States of America

Ivy T. Ngo (*pro hac vice*)
Velvel (Devin) Freedman (*pro hac vice*)
FREEDMAN NORMAND FRIEDLAND LLP
1815 Purdy Ave.
Miami Beach, Florida 33139
Telephone: (786) 924-2900
ingo@fnf.law
vel@fnf.law

Joshua B. Silverman (*pro hac vice*)
Christopher P.T. Tourek (*pro hac vice*)
POMERANTZ LLP
10 South LaSalle St., Ste. 3505
Chicago, IL 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
ctourek@pomlaw.com

Brian Calandra
POMERANTZ LLP
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
bcalandra@pomlaw.com

15. **Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request (Article 8):**

   Not requested.

16. **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Article 11(b)):**

   Attorney-client privilege and applicable protections under Spanish law.

17. **Fees and Costs Incurred which are Reimbursable Under the Second Paragraph of Article 14 or Under Article 26 of the Convention will be Borne by (Articles 14 and 26):**

   Fees and costs shall be borne as determined by the appropriate judicial authority.

Date:

_____
The Honorable Julien Xavier Neals

Signature and Seal of the Requesting
Authority

United States District Court for the
District of New Jersey
Newark, New Jersey, U.S.A.

Date: _____
Signature and Seal of the Executing
Authority

Honorable:_____
Article 2 Competent Authority

# SCHEDULE A

## DEFINITIONS

1.    "ROVI" means Laboratorios Farmacéuticos ROVI, S.A., including any subsidiaries, affiliates, or business divisions, as well as its officers, directors, employees, agents, or other persons acting on its behalf.

2.    "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Document Request all responses that might otherwise be construed to be outside its scope.

3.    "Any" shall be deemed to include and encompass the terms "Each" and "All."

4.    "Communication" and "Communications" include both internal and external communications, and are used in a comprehensive sense, and mean and include every conceivable manner or means of disclosure, transfer, transmittal, or exchange of oral, written, electronic, or other information, in the form of facts, ideas, inquiries, or otherwise, between or among one or more persons or entities, and include, without limitation, all documents, writings, correspondence, memoranda, messages, meetings, conversations, discussions, conferences, agreements, e-mails, or other transmittal of information, whether face- to-face, by telephone, by mail, by facsimile, by computer, or otherwise, and further include, without limitation, all forms of electronic communications and messages.

5.    "Concerning" means relating to, referring to, in connection with, pertaining to, describing, reflecting, discussing, analyzing, regarding, summarizing, evidencing, embodying, or constituting.

6.    "Person" means any natural person, corporation, company, partnership, association, joint venture, governmental agency, or other legal or business entity.

## DOCUMENT REQUESTS

1.      Internal emails, and external Communications between Maria Jose (Pepa) Lopez Barragan and ROVI, regarding her consulting work for ROVI performed between June and August 2022.


Dated:  March 19, 2026                              Respectfully Submitted,

                                                    **POMERANTZ LLP**

                                                    /s/ Brian Calandra_____

                                                    Joshua B. Silverman (*pro hac vice*)
                                                    Christopher P.T. Tourek (*pro hac vice*)
                                                    10 South LaSalle St., Ste. 3505
                                                    Chicago, IL 60603
                                                    Telephone: (312) 377-1181
                                                    jbsilverman@pomlaw.com
                                                    ctourek@pomlaw.com

                                                    -and-

                                                    Brian Calandra
                                                    600 Third Avenue
                                                    New York, New York 10016
                                                    Telephone: (212) 661-1100
                                                    Facsimile: (212) 661-8665
                                                    bcalandra@pomlaw.com

                                                    **FREEDMAN NORMAND FRIEDLAND LLP**
                                                    Ivy T. Ngo (*pro hac vice*)
                                                    Velvel (Devin) Freedman (*pro hac vice*)
                                                    1815 Purdy Ave.
                                                    Miami Beach, Florida 33139
                                                    Telephone: (786) 924-2900
                                                    ingo@fnf.law
                                                    vel@fnf.law

                                                    *Counsel for Lead Plaintiff and the Class*